## HORACE WELLS v. THE STATE.

No. 14382. Delivered October 14, 1931.

The opinion states the case.

*Moore & Wilson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment assessed being five years confinement in the penitentiary.

On the 26th day of June, 1930, officers, acting under a search warrant, searched the house and premises of J. J. Nowell. In all, they

discovered one hundred and ninety-five gallons of whisky. Sixty gallons were buried in a maize patch some little distance from the house, the remainder being found in the house. The whisky was in cartons, each carton containing twelve half-gallon jars. Nowell testified that by arrangement with appellant he (Nowell) had agreed to receive and store whisky which appellant might deliver to him, and in turn deliver it to designated parties, presumably agents of appellant; that Nowell was to receive from appellant as compensation for so storing said whisky the sum of $30 per month. He further testified that the one hundred ninety-five gallons of whisky in question were delivered to his house by appellant on the 24th day of June, and all of it placed in the house; that on the night of the 24th and the night of the 25th he had buried sixty gallons of it in the maize patch where it was found by the officers. It sufficiently appeared that Nowell had brought himself within such relation to the whisky as characterized him an accomplice witness as a matter of law. The court recognized this and so instructed the jury.

It is strenuously insisted that there is not sufficient corroborating evidence to meet the requirement of article 718, C. C. P., which inhibits a conviction upon the testimony of an accomplice unless corroborated by other evidence tending to connect accused with the offense committed. The state undertook to furnish this corroborating evidence by the wife of J. J. Nowell as to the one hundred ninety-five gallons transaction. Her testimony has been carefully reviewed. It is not thought necessary to set it out in detail. The conclusion is expressed that it sufficiently meets the requirement of the law as tending to connect appellant with that transaction.

After developing its case as to the transaction occurring on June 24th, the state also proved by Nowell that on three other occasions prior to the 24th day of June, appellant had brought whisky to his house, the first being about a month before, and the other two between then and the transaction described as having occurred on the 24th of June. Nowell claimed that appellant had brought several gallons on each of these occasions. These transactions seem to have had no connection with one another or with the transaction occurring on the 24th day of June. It appears from bills of exception that appellant objected to evidence of all of the transactions save that of the 24th of June, on the ground that it was proof of extraneous crime, having no connection whatever with that claimed to have occurred on the 24th of June, and because they did not come within any of the exceptions to the rule inhibiting the proof of extraneous crime. These objections were overruled. After the state's evidence was developed appellant demanded an election upon which transaction the state would rely; the state elected the transaction of June 24th; appellant then again renewed his objection to the proof of the three prior transactions and asked the court to withdraw evidence thereof from

the consideration of the jury upon the same ground as theretofore urged; viz: that they did not come within any exception to the rule inhibiting proof of extraneous crimes. The learned trial judge says in his qualification to the bills of exception that the three transactions, proof of which had been complained of were, "of course, separate and distinct from the transaction elected upon by the state, but were related to the transaction in that each of said transactions was apparently in pursuance of the general plan and design." The court seems to have been under the impression that because the proof showed that Nowell had entered into a conspiracy with appellant by which appellant was to store the whisky on Nowell's premises, and because the various quantities of whisky had been delivered to Nowell by appellant in pursuance of that conspiracy that it furnished another exception to the general rule inhibiting proof of other offenses. In this respect we think the learned trial judge fell into error. Practically the same question was before the court in Hunt v. State, 89 Texas Crim. Rep., 89, 229 S. W., 869. In that case a conspiracy had been entered into to commit theft of automobiles, and proof went into the record regarding the theft of cars other than the one upon which the prosecution was based. The holding of the court was positive upon the point that proof of the other offenses was not admissible simply because they had been committed in pursuance of the same conspiracy under which the theft in the case on trial occurred; that proof of other thefts would be admissible only in the event they came within some of the well-known exceptions to the rule. Cited as supporting the holding in the Hunt case were Cone v. State, 216 S. W., 190; Long v. State, 39 Texas Crim. Rep., 537; 47 S. W., 363; Smith v. State, 52 Texas Crim. Rep., 80, 105 S. W., 501.

Appellant urged upon the court still another reason why proof of the extraneous offenses should have been withdrawn from the consideration of the jury; to-wit: that there was a total absence of corroboration of the accomplice witness as to the commission of the extraneous offenses and therefore a total failure to prove by legal evidence the appellant's guilt of such extraneous offenses. The corroborating evidence furnished by Mrs. Nowell was restricted to the transaction as to 195 gallons of whisky delivered by appellant to Nowell on the 24th day of June. There was no corroboration by her or any other witness as to the three prior deliveries claimed by Nowell to have been made by appellant. It is well settled in this state that· evidence of extraneous offenses should not be received unless the accused is satisfactorily shown to be the party guilty of the commission of such offense, even though proof of the extraneous crimes comes within some of the exceptions. Walton v. State, 41 Texas Crim. Rep., 454, 55 S. W., 566; Fountain v. State, 90 Texas Crim. Rep., 474, 241 S. W., 489; Lankford v. State, 93 Texas Crim. Rep., 442, 248 S. W., 389; Isham v. State, 41 S. W.,

622; Williams v. State, 38 Texas Crim. Rep., 128, 41 S. W., 645; Denton v. State, 42 Texas Crim. Rep., 427, 60 S. W., 670; Hooks v. State, 97 Texas Crim. Rep., 480, 261 S. W., 1053.

The case of Lankford v. State (supra), seems to be directly in point in supporting the last ground upon which appellant based his motion to withdraw evidence of the extraneous crimes. The Lankford case was tried prior to the amendment of the statute exempting purchasers of intoxicating liquor from being held as accomplice witnesses when testifying against parties who had sold such liquor. The collateral crimes proven in that case were the sale of liquor to witnesses who were accomplices in the transaction, and this court, speaking in regard to the matter said:

"* * * the court should have instructed the jury that the fact of such sales could not be considered against the appellant unless his guilt thereof was shown by legal testimony. It is a well-settled rule that the guilt of one accused of crime cannot be legally shown by the uncorroborated testimony of an accomplice or any number of accomplices. It is the settled law in this state that when evidence of collateral crimes is introduced for one fo the various purposes for which such evidence becomes admissible, the jury should be instructed that they cannot consider against the defendant such collateral crimes unless it has been shown to their satisfaction that the accused is guilty thereof."

There being in the present case no semblance of effort to corroborate Nowell with reference to the three transactions prior to that of June 24th, and he being an accomplice, it follows as a matter of law that there was no legal proof as to appellant's guilt in the commission of those offenses, and therefore upon that ground also appellant's motion to have the testimony withdrawn from the jury should have been sustained.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*