John Mendez **BUSTAMANTE**, Appellant,

v.

**STATE of Texas**, Appellee.

**No. 13–81–232–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 28, 1982.

Rehearing Denied Nov. 18, 1982.

Joseph A. Connors, III, McAllen, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted of aggravated robbery, and punishment was assessed at confinement in the Texas Department of Corrections for eleven years. By his original and supplemental briefs, he raises sixteen grounds of error. We affirm.

Appellant concedes that we must overrule his grounds of error ten and eleven based upon *Bilbrey v. State,* 594 S.W.2d 754 (Tex. Cr.App.1980) and ground of error sixteen based upon *Carillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). We agree, and the same are overruled.

Appellant's first three grounds of error allege the insufficiency of the State's evidence to corroborate the accomplice testimony of one Jaime Garcia. Garcia, who previously had pled guilty to the offense, testified that he had entered the premises and robbed the person in charge at gunpoint while appellant remained in a green Thunderbird automobile and kept its motor running for a joint escape following the robbery. This escape plan was thwarted, and Garcia fled on foot leaving appellant to be arrested. Other evidence tended to show that, when arrested, appellant was sitting behind the wheel of the getaway car with its motor running during the time of the robbery and that, during this time, appellant had moved the car to several different locations, all of which were near the premises robbed. In addition, a billfold, identified by Garcia as his own, was found in this car in which appellant was sitting.

The test of the sufficiency of the corroborating evidence as stated in *Sheets v. State,* 606 S.W.2d 864 (Tex.Cr.App.1979) is as follows:

"... to eliminate from consideration the evidence of the accomplice witness and then examine the other evidence to ascertain if it is of incriminating character which tends to connect the defendant with the commission of the offense."

Applying this test, we conclude that the corroborating evidence was sufficient. Appellant's first three grounds of error are overruled.

Appellant's next three grounds of error (four, five and six) allege insufficiency of the evidence to identify appellant as the offense's perpetrator, to exclude every reasonable hypothesis except that of the appellant's guilt and to prove that appellant was criminally responsible for the robbery.

Appellant's accomplice, Garcia, testified in great detail as a State's witness about the complicity of himself and appellant in the planning and commission of several robberies, including the robbery charged. He also testified about splitting the proceeds of the other robberies (the immediate arrest of appellant presumably prevented their splitting the proceeds of the robbery with which he is charged). This evidence is sufficient to prove the matters complained of in grounds of error five and six, and these grounds are overruled.

We now discuss the additional argument raised in ground of error four that the evidence failed to identify appellant in the courtroom as the perpetrator.

Three police officers identified the defendant in the courtroom in a manner approved and noted by the trial judge to be the man taken from the get-a-way car (the green Thunderbird). This, together with the billfold in the car and the testimony of the accomplice Garcia, is sufficient to identify appellant as one of the two perpetrators of the offense. Appellant's fourth ground of error is overruled.

Appellant's seventh and eighth grounds of error refer, in one way or another, to the question of whether evidence of *extraneous offenses,* otherwise admissible, is barred if it is based solely upon the uncorroborated testimony of the accomplice thereto. A companion question raised is, if such corroboration is required, was it present in the case before us. Appellant's seventh ground complains of the refusal of the trial court to charge the jury to disregard if the foregoing criteria is not met. His eighth ground complains of the admission of evidence of extraneous offenses. We will consider these two grounds together. Sec. 38.14, Tex.Code Crim.Pro.Ann. requires the testimony of an accomplice to be corroborated if a *conviction* is to be had. *Rice v. State,* 605 S.W.2d 895 (Tex.Cr.App. 1980), cited by both sides, leaves unsettled whether this section (38.14) applies to the testimony of an accomplice as to *extraneous offenses.* The 1931 case of *Wells v. State,* 118 Tex.Cr.R. 355, 42 S.W.2d 607 (Tex.Cr.

App.1931) held that it was necessary to corroborate evidence of extraneous offenses in reversing a conviction for possession of liquor for purposes of sale.

In *Rice,* supra, the minority based their reasoning in part upon the "bootstrap" theory that since the extraneous offense is often itself the corroboration for the accomplice testimony in the primary offense, then to permit the accomplice to corroborate his own testimony in this method would permit him to "bootstrap" his own testimony. They maintained therefore that accomplice testimony concerning extraneous offenses must be corroborated to be admissible. The majority opinion did not address the question.

The reasoning of the minority in *Rice,* supra, appears sound. For this reason, together with the fact that *Wells,* supra, has not been disturbed for over fifty years, we conclude that the intent of the legislature in enacting Sec. 38.14, Tex.Code Crim.Pro. Ann. was to make its terms applicable to extraneous offenses as well as to primary offenses. Therefore, in the case before us it was error to admit this uncorroborated evidence of extraneous offenses and, having admitted it, to refuse to give the jury a proper limiting charge.

We turn now to the question whether such error was reversible error.

In *Smith v. State,* 540 S.W.2d 693 (Tex. Cr.App.1976) the Court of Criminal Appeals was dealing with a capital case where the death penalty had been imposed. There, as here, the trial court had admitted into evidence several extraneous offenses. The Court of Criminal Appeals held this admission to be erroneous but went on to state:

"But regardless of this, we must determine if this proof, in the light of the case as a whole, constitutes reversible error."

The Court went on to conclude that the proof of guilt was clear and that the evidence erroneously presented would not have influenced the jury.

In *Bass v. State,* 622 S.W.2d 101 (Tex.Cr. App.1982) the Court of Criminal Appeals, citing *Ruiz v. State,* 579 S.W.2d 206 (Tex. Cr.App.1979), said:

"Thus, the decision as to whether the erroneous introduction of an extraneous offense is reversible error is an ad hoc determination based on the merits of each case."

■ In the case before us we have a defendant caught at the scene of the crime in an automobile with the engine running and with the confessed gunman's billfold in his possession. The confessed gunman testified at length about the defendant's involvement in the crime charged. The punishment was assessed by the judge following the receipt of a pre-sentence investigation report. It is difficult to imagine that the testimony concerning extraneous offenses influenced or caused the verdict of guilt, which was the jury's sole function in the trial. We hold that it did not, and appellant's seventh and eighth grounds of error are overruled.

Appellant's ninth ground claims error in admitting the extraneous offenses even disregarding the question of lack of corroboration. We think there was justification for the admission of these offenses to show motive; scheme and design; and knowledge on appellant's part. However, because of our holding that the admission of the extraneous offenses was error because they were not corroborated but that the error was harmless in view of the totality of the evidence, we do not consider it necessary to rule upon appellant's ninth ground of error.

■ Appellant's ground of error twelve is that the trial court refused his request to have his pre-sentence investigation report (PSI) included in the appellate record for review by this Court. He maintains, and we accept as true, that a copy of the PSI was not given to *appellant* counsel. Appellant's *trial* counsel stated at the sentencing hearing that he believes he went over the report with appellant, which implies that, at least, appellant's trial counsel saw the report.

Article 42.12, Section 4, V.A.A.C.P. states:

"... Defendant, *if not represented by counsel,* counsel for defendant and coun-

**850**

sel for the State shall be afforded an opportunity to *see* a copy of the [PSI] report upon request ..." (emphasis added)

We hold that the provisions of Article 42.12, Section 4, supra, were satisfied in this case.

■ The question of whether the accused is entitled to probation, where the court has assessed punishment, rests absolutely with the trial court and such decision is not appealable. *Brown v. State*, 478 S.W.2d 550 (Tex.Cr.App.1972); *Clay v. State*, 592 S.W.2d 609 (Tex.Cr.App.1980). The sentencing judge has the authority to take all the pertinent information in the report, including hearsay, into consideration. *Brown v. State*, supra. The punishment assessed was within the range provided by law. In view of all of the foregoing, we conclude that the inclusion in the appellate record of the PSI would not have helped appellant. His twelfth ground of error is overruled.

■ Appellant's thirteenth and fourteenth grounds of error concern the trial judge's reference during sentencing to appellant's never having admitted his guilt and to the prosecutor's reference to the extraneous offenses during the same hearing. No objection was made to either reference. Nothing is presented for review. *Dinn v. State*, 570 S.W.2d 910 (Tex.Cr.App. 1978).

■ Appellant's fifteenth ground of error raises the issue of cruel and unusual punishment in the assessment of eleven years of confinement by the trial judge in this case. Since the punishment assessed is within the range provided by law, this contention is without merit. *Gonzalez v. State*, 501 S.W.2d 644 (Tex.Cr.App.1973). Appellant's fifteenth ground of error is overruled, and the judgment of the trial court is AFFIRMED.