**John Mendez BUSTAMANTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 058–83.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 16, 1985.

Rehearing Denied Jan. 15, 1986.

Joseph A. Connors, III, on review and appeal only, McAllen, for appellant.

---

Reynaldo S. Cantu, Jr., and Ted Campagnolo and S. Vance Jones, Asst. Dist. Attys., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

It now appears that this Court's decision of March 9, 1983, to grant appellant's petition for discretionary review was improvident. The appellant's petition for discretionary review is hereby dismissed.

TOM G. DAVIS, J., not participating.

CLINTON, Judge, dissenting.

The question of law presented in this case is whether testimony by an accomplice witness concerning extraneous offenses committed by him and the accused must be corroborated. Finding that the opinions in *Rice v. State*, 605 S.W.2d 895 (Tex.Cr.App. 1980), render the answer "unsettled," for reasons it stated the Christi Court of Appeals concluded that "the intent of the legislature in enacting [Article 38.14, V.A.C.C.P.] was to make its terms applicable to extraneous offenses as well as to primary offenses." *Bustamante v. State*, 653 S.W.2d 846, 849 (Tex.App.—Corpus Christi 1982). Since there is a dearth of decisional authority on the point, we had ample reason to review the decision in order to decide the question. Tex.Cr.App. Rule 302(c)(2). Accordingly, March 9, 1983 review was granted and the cause was submitted on briefs and oral argument June 15, 1983.

Now, more than two years later, the parties and the court below are told we acted improvidently. I did not nor will I sanction that kind of embarrassment to this Court.

That the court of appeals found harmless the dual errors in admitting uncorroborated testimony of extraneous offenses and, having admitted it, in refusing to give the jury a proper limiting charge, *ibid.*, is not valid reason for a majority simply to dismiss the petition for discretionary review this Court so providently granted. Still left unsettled is an important question of law. All we need do is merely state that this Court agrees with the Corpus Christi Court of Appeals, cite *Wells v. State*, 118 Tex.Cr.R. 355, 42 S.W.2d 607 (1931), and then affirm its judgment. Article 44.24(d), V.A.C.C.P.

Because in this cause the majority would have this Court abdicate its role as a reviewing court, I dissent.

McCORMICK and MILLER, JJ., join.