JUSTICE TRIEWEILER,
dissenting:
I dissent from the majority’s conclusion that accomplice testimony regarding past crimes, wrongs, or acts of the defendant, other than those charged, need not be corroborated before it is admissible. I *49 conclude, based upon established precedent and logic, that it does need to be corroborated; and since such testimony was admitted in this case without corroboration, I would reverse the conviction of the defendant. For that reason, I would not reach the merits of the other issues raised by the defendant on appeal.
In Huddleston v. United States (1988), 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771, in discussing the circumstances under which evidence of other acts could be admitted under Fed.R.Evid. 404(b), the United States Supreme Court stated that:
“We conclude that such evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act.”
Huddleston, 485 U.S. at 685, 108 S.Ct. at 1499, 99 L.Ed.2d at 779-80.
Under Montana law, the testimony of a co-conspirator, unsupported by independent corroborating evidence, is not sufficient to convict a defendant of the criminal act with which he is charged. The reasons are obvious.
Testimony of co-conspirators is among the most unreliable forms of evidence available. Co-conspirators to a criminal act are, by definition, dishonest people to begin with. Added to their presumed character weaknesses there are invariably inducements for their testimony, such as lenient or favorable treatment from the State for their own criminal conduct.
For example, in this case all three of the co-conspirators who testified that the defendant engaged in prior criminal acts had been caught selling drugs and bargained with the State of Montana for lenient treatment in exchange for their testimony against the defendant. Smith was charged with the same crime for which the defendant was convicted. The defendant was sentenced to 20 years in prison with five years suspended and required to serve a minimum of five years without parole. Smith was sentenced to five years in prison with all five years suspended.
Dale Davidson was also charged with possession of drugs with intent to sell, but was promised that in exchange for his testimony the government would recommend a maximum sentence of 18 months, as opposed to the five years to which he would be exposed without favorable testimony.
Jarl Garber was promised that in exchange for his testimony he would be charged with only one attempt to sell cocaine, rather than three. At the time of defendant’s trial, that charge had still not been filed. He gave the following testimony:
*50 “Q. And what did they say they would do for you?
“A. Drop two counts of my sales.
“Q. Sale of cocaine?
“A. Correct.
“Q. Are you generally aware of the penalty for possession of cocaine?
“A. Iam.
“Q. It’s a big one?
“A. Yes, it is.
“Q. Have you been charged?
“A. No, I have not.
“Q. So they got ya. They got you right where they want you?
“A. (Nods head.)”
If an attorney practicing civil law in the State of Montana went to the lengths that the State regularly goes to in order to induce testimony from co-conspirators he would be subject to disciplinary proceedings for violation of Rule 3.4 of Montana’s Rules of Professional Conduct. Yet, such conduct is freely permitted in the prosecution of criminal cases when inducing testimony of witnesses as disreputable as those who testified against the defendant in this case.
The majority seeks to distinguish testimony of co-conspirators when used simply to prove uncharged prior crimes from testimony of co- conspirators which is offered to prove the crime that has been charged. However, the distinction is one of form rather than substance. The fact is that the evidence of prior crimes was offered in an effort to convict the defendant of the crime charged, even though we have a stated public policy in § 46-16-213, MCA, that such evidence is unreliable without corroboration.
The majority has offered no authority for permitting uncorroborated testimony of an accomplice to prove prior crimes, when by statute, such testimony could not have been offered to prove the crime charged. However, there is prior authority for excluding this evidence.
Texas has a statute similar to § 46-16-213, MCA. Article 38.14, Tex. Code Crim. Proc. Ann., dealing with Testimony of Accomplice, states:
“A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not *51 sufficient if it merely shows the commission of the offense.”
The Texas Court of Appeals, in Bustamante v. State (Tex.Ct.App. 1982), 653 S.W.2d 846, 849, rev. dismissed 702 S.W.2d 193 (Tex. Crim. App. 1985), concluded that based on that state’s similar statute the trial court erred when it admitted extraneous offenses based solely upon uncorroborated testimony of an accomplice. The court in Bustamante relied upon the 1931 case of Wells v. State (1931), 118 Tex. Crim. 355, 42 S.W.2d 607, which “held that it was necessary to corroborate evidence of extraneous offenses in reversing a conviction for possession of liquor for purposes of sale.” Bustamante, 653 S.W.2d at 848-49. Furthermore, the court in Bustamante stated:
“We conclude that the intent of the legislature in enacting § 38.14 Tex. Code Crim. Pro. Ann. was to make its terms applicable to extraneous offenses as well as to primary offenses. Therefore, in the case before us it was error to admit this uncorroborated evidence of extraneous offenses and, having admitted it, to refuse to give the jury a proper limiting charge.”
Bustamante, 653 S.W.2d at 849.
It makes no sense to establish by statute a public policy to the effect that people of Montana cannot be convicted of a criminal charge based on the uncorroborated testimony of an alleged co-conspirator, but then allow the State to circumvent that public policy by convicting people with uncorroborated testimony of co-conspirators regarding acts that are not even the subject of the State’s charges. Either the testimony is unreliable or it is not. It cannot be unreliable if offered to directly convict the defendant, and reliable if offered to indirectly convict the defendant.
For these reasons I would reverse the judgment against the defendant and remand this case to the District Court for retrial. During retrial I would require that the testimony of the people who claim to have been partners in the defendant’s sale of drugs either be corroborated or excluded.
JUSTICE HUNT concurs in the foregoing dissent of JUSTICE TRIEWEILER.