Pena v. SOT















NUMBERS 13-01-00067-CR
                                                         13-01-00068-CR
                                                         13-01-00069-CR

COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG
                                                                                                                       

MICHAEL PENA,                                                                          Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 347th District Court of Nueces County, Texas.
                                                                                                                       

O P I N I O N

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Hinojosa

          Pursuant to a plea agreement, appellant, Michael Pena, pleaded “guilty” in cause
number 13-01-00067-CR to the second degree felony offense of burglary of a habitation.


 
The trial court found him guilty and, in accordance with the agreement, assessed his
punishment at ten years imprisonment. Appellant also pleaded “true” to the State’s
allegations in two motions to revoke community supervision filed in cause numbers 13-01-00068-CR and 13-01-00069-CR. In both cases, the trial court found that appellant had
violated the conditions of his community supervision, revoked the community supervision,
and assessed punishment at two years confinement in a state jail facility. All three
sentences were ordered to run concurrently. The trial court has certified that it gave
appellant permission to appeal these three cases. See Tex. R. App. P. 25.2(a)(2). In a
single issue, appellant contends he was denied due process of law when the trial court
accepted his plea of guilty and sentenced him under a purported plea bargain that he had
not knowingly and voluntarily entered into. We affirm.
A. Voluntariness of the Plea Agreement
          Before accepting a plea of guilty or no contest, article 26.13 of the Texas Code of
Criminal Procedure requires a trial court to admonish the defendant as to the range of
punishment, as well as to other consequences of his plea. Tex. Code Crim. Proc. Ann.
art. 26.13(a) (Vernon Supp. 2003); Tabora v. State, 14 S.W.3d 332, 334 (Tex.
App.–Houston [14th Dist.] 2000, no pet.). The “range of punishment” for article 26.13
purposes does not include community supervision, and there is no mandatory duty for the
trial court to admonish a defendant regarding his eligibility for community supervision. 
Tabora, 14 S.W.3d at 334. The admonishments may be made either orally or in writing. 
Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 1989). If the admonishments are made
in writing, the defendant and his attorney must sign a statement that the defendant
understood the admonitions and was aware of the consequences of the guilty plea. Id.
          The purpose of article 26.13 is to ensure that only a constitutionally valid plea is
entered by the defendant and accepted by the trial court. Meyers v. State, 623 S.W.2d
397, 402 (Tex. Crim. App. 1981); see also Basham v. State, 608 S.W.2d 677, 678 (Tex.
Crim. App. 1980). To be constitutionally valid, a guilty plea must be knowingly and
voluntarily made. Brady v. United States, 397 U.S. 742, 749 (1970). “The overriding
concern is whether a defendant has been deprived of due process and due course of law.” 
Ex parte Lewis, 587 S.W.2d 697, 700 (Tex. Crim. App. 1979).
          However, the rule that a guilty plea must be voluntary, especially as it concerns
consequences, is not without limits. Gomez v. State, 921 S.W.2d 329, 332 (Tex.
App.–Corpus Christi 1996, no pet.) (citing Ex parte Evans, 690 S.W.2d 274, 277 (Tex.
Crim. App. 1985)). A plea is not involuntary solely because the accused pleads guilty out
of a desire to limit the possible penalty. Id. (citing Flakes v. State, 802 S.W.2d 844, 853
(Tex. App.–Houston [14th Dist.] 1990, pet. ref’d)). In fact, if the record establishes that the
trial court properly admonished the defendant about the consequences of his plea, there
is a prima facie showing that the guilty plea was entered knowingly and voluntarily. See
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Ex parte Gibauitch, 688
S.W.2d 868, 871 (Tex. Crim. App. 1985); Dorsey v. State, 55 S.W.3d 227, 235 (Tex.
App.–Corpus Christi 2001, no pet.). The burden then shifts to the defendant to show that
he pleaded guilty without understanding the consequences of his plea and, consequently,
suffered harm. Martinez, 981 S.W.2d at 197; Ex parte Gibauitch, 688 S.W.2d at 871;
Dorsey, 55 S.W.3d at 235. In determining the voluntariness of a plea, we consider the
totality of the circumstances, viewed in light of the entire record. Martinez, 981 S.W.2d at
197; Ybarra v. State, 93 S.W.3d 922, 925 (Tex. App.–Corpus Christi 2002, no pet.). Once
a defendant has pleaded guilty and attested to the voluntary nature of his plea, he bears
a heavy burden at a subsequent hearing to demonstrate a lack of voluntariness. Ybarra,
93 S.W.3d at 925.
          In the present case, the trial court held a combined hearing on the indictment
presented in cause number 13-01-00067-CR as well as the motions to revoke appellant’s
community supervision in cause numbers 13-01-00068-CR and 13-01-00069-CR. The
record clearly shows that the trial court admonished appellant at length concerning the
consequences of his plea. The trial court’s written admonishments informed appellant that
for the offense of burglary of a habitation, he could be imprisoned for a term of not more
than twenty years or less than two years, and in addition, be assessed a fine not to exceed
$10,000. Additionally, the trial court orally admonished appellant regarding the appropriate
range of punishment. The court’s written admonishments did not include community
supervision. The written admonishments were evidenced by a document entitled
“Acknowledgment by Defendant,” which was signed and sworn to by appellant, and a
document entitled “Attorney’s Certificate,” which was signed by appellant’s attorney. In the
written acknowledgment, appellant said he: (1) understood the court’s admonishments,
(2) had consulted with his attorney, (3) entered his plea freely, and (4) was fully aware of
the consequences of his plea. At the plea hearing, appellant acknowledged that he knew
the range of punishment and that he was entering his plea of guilty freely and voluntarily. 
Appellant then pleaded guilty to the indictment and pleaded true to the allegations in both
motions to revoke. The trial court accepted the pleas.
          Following these pleas, appellant’s written judicial confession, signed and sworn to
by appellant, and bearing the signatures of his counsel, the attorney for the State, and the
trial court, was introduced into evidence. A review of the confession reflects that appellant
admitted all elements of the offense. The State then read the terms of the plea agreement
into evidence. The plea agreement provided that in return for his plea of guilty in cause
number 13-01-00067-CR, appellant would receive a sentence of ten years imprisonment,
and the sentence would run concurrently with the sentences in the two revocation of
community supervision cases (cause numbers 13-01-00068-CR and 13-01-00069-CR). 
The agreement contained no recommendation of community supervision. The prosecutor
read the terms of the plea agreement into the record, and the written agreement was
admitted into evidence without objection. At no time during the hearing did appellant
inform the trial court that he wanted to withdraw his pleas of guilty and true.
          Appellant’s counsel then asked permission of the court to allow his client to testify. 
The court granted permission, and appellant’s counsel elicited testimony from appellant
regarding drug treatment as a condition of continued community supervision in the two
revocation cases (cause numbers 13-01-00068-CR and 13-01-00069-CR).


 After hearing this testimony, the trial court agreed to be bound by the plea agreement, and sentenced
appellant in accordance with the plea agreement.
          It is undisputed that the trial court admonished appellant in writing. Thus, the
burden shifts to appellant to show that his plea was involuntary. See Martinez, 981 S.W.2d
at 197; Ex parte Gibauitch, 688 S.W.2d at 871; Dorsey, 55 S.W.3d at 235. To meet this
burden, appellant asserts that his counsel had no reason to examine him after the reading
of the plea agreement unless counsel was aware that appellant had not and did not agree
to the terms of the plea agreement. Appellant contends that after hearing him testify about
drug treatment as a condition of continued community supervision, the trial court should
have inquired regarding whether he had voluntarily entered into the plea agreement. 
Under appellant’s analysis, a trial court would have a duty to inquire into the voluntariness
of a defendant’s plea if the defendant asked the court to assess a sentence other than the
one set out in a plea bargain agreement. Appellant contends he was denied due process
of law when the trial court failed to inquire into the voluntariness of his pleas and accepted
his pleas of guilty and true.
          Appellant’s argument rests entirely on the assumption that he was entitled to receive
community supervision, and, more specifically, to receive some form of drug rehabilitation
as a condition of continued community supervision. However, there is no fundamental right
to receive community supervision; it is within the discretion of the trial court to determine
whether an individual defendant is entitled to community supervision. Flores v. State, 904
S.W.2d 129, 130 (Tex. Crim. App. 1995); Bustamante v. State, 653 S.W.2d 846, 850 (Tex.
App.–Corpus Christi 1982, pet. dism’d). The court of criminal appeals has remained
steadfast in the position that assessment of punishment is the province of the judge or jury,
not the prosecutor or the defendant. Gutierrez v. State, 108 S.W.3d 304, 308 (Tex. Crim.
App. 2003).
          Moreover, there is no requirement that the trial court orally inquire about the
voluntariness of a plea after the defendant and trial counsel have signed written
admonishments, statements, or waivers, and the judge has established that the defendant
has read and understood them. Cantu v. State, 993 S.W.2d 712, 716-17 (Tex. App.–San
Antonio 1999, pet. ref’d); Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.–Houston [1st
Dist.] 1996, no pet.); Gonzales v. State, 899 S.W.2d 819, 821 (Tex. App.–Fort Worth 1995,
pet. ref’d) (citing Smith v. State, 853 S.W.2d 140, 141 (Tex. App.–Corpus Christi 1993, no
pet.)); Rodriguez v. State, 850 S.W.2d 603, 607 (Tex. App.–El Paso 1993, no pet.). 
Appellant does not dispute the fact that the trial court admonished him both orally and in
writing. The record reflects that the trial court, no less than eight times, asked appellant
if he understood the consequences of pleading guilty. Further, we find no evidence in the
record that appellant ever complained to the trial court that his plea was not knowingly,
freely, or voluntarily entered. The record contains no evidence showing appellant ever
expressed any dissatisfaction with the plea agreement. At the plea hearing, appellant’s
counsel did not attack the plea agreement or the State’s evidence. Finally, appellant’s
elicited testimony regarding drug treatment does not show that he entered his pleas of
guilty and true without understanding the consequences of his action or that he suffered
harm.
          Thus, we reject appellant’s contention that it was incumbent upon the trial court to
refuse to accept his pleas of guilty and true after hearing appellant’s testimony regarding
drug rehabilitation as a condition of continued community supervision. We hold that
appellant has failed to meet his burden to show that: (1) he entered his pleas without
understanding the consequences of his action, and (2) he suffered harm.
B. Misinformation by Counsel
          Appellant further contends that he entered his pleas on the advice of counsel. He
claims his counsel led him to believe that he could receive community supervision and drug
treatment.
          If a guilty plea is entered upon the advice of counsel, that counsel must be
competent and render effective assistance. Hill v. Lockhart, 474 U.S. 52, 57 (1985); Ex
parte Evans, 690 S.W.2d at 276; Gomez, 921 S.W.2d at 332. To prove his claim of
ineffective assistance, an appellant must show that counsel’s representation fell below an
objective standard of reasonableness and that there is a reasonable probability that, but
for counsel’s errors he would not have pleaded guilty and would have insisted upon going
to trial. Hill, 474 U.S. at 57; Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App.
1999); Gomez, 921 S.W.2d at 332-33. The adequacy of counsel’s assistance must be
gauged by the totality of the representation. Gomez, 921 S.W.2d at 333. There is a strong
presumption that counsel rendered adequate assistance and made all significant decisions
in the exercise of reasonable professional judgment. Strickland v. Washington, 466 U.S.
668, 669 (1984); Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The
defendant must prove ineffective assistance of counsel by a preponderance of the
evidence. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).
          However, a defendant’s claim that he was misinformed by counsel, without more,
does not make a plea involuntary. Tabora, 14 S.W.3d at 336. In cases holding a guilty
plea to be involuntary, the record contains confirmation of the misinformation by counsel,
or documents augmenting the defendant’s testimony that reveal the misinformation and
show its conveyance to the defendant. Id. at 337; see Ex parte Battle, 817 S.W.2d 81, 83
(Tex. Crim. App. 1991); Ex parte Griffin, 679 S.W.2d 15, 18 (Tex. Crim. App. 1984); Ex
parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980).
          Here, the elicited testimony fails to enlighten us as to whether counsel advised
appellant that he was eligible for community supervision. The record is completely devoid
of any inference or insinuation that defense counsel misinformed appellant in this regard. 
Even if we presume appellant was misinformed by counsel regarding his eligibility for
community supervision, appellant has not shown that he would not have entered his pleas
of guilty and true but for counsel’s alleged misinformation. Nor has appellant shown that
his pleas were actually induced by the alleged misinformation. Based on the record before
us, we cannot say that but for counsel’s alleged misinformation, appellant would not have
entered his pleas of guilty and true.


 
          We hold appellant has failed to prove that his pleas of guilty and true were
involuntarily made. Appellant’s sole issue is overruled.
          The trial court’s judgments in these three cases are affirmed.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Concurring opinion by Justice Yañez.

Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed on this the 8th day of April, 2004.




* * * * * * * * * * * * * * * * * * * * * * * *










NUMBERS 13-01-067-CR
                                                          13-01-068-CR
                                                          13-01-069-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
MICHAEL PENA,                                                                         Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       
On appeal from the 347th District Court of Nueces County, Texas.
                                                                                                                      

CONCURRING OPINION

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez
 

          I must concur in the result reached by the majority. After the agreement was read
into the record by the State at the hearing, defense counsel examined appellant. Counsel
inquired, “Are you asking this court to impose a condition of continued probation instead
of a sentence of prison?” Appellant answered, “Yes.” This question and answer are open
to two different interpretations. One interpretation is that defense counsel and appellant
were pleading with the trial court to assign a lesser punishment than was contemplated by
the agreement. As the trial court is authorized to grant such relief,


 the decision to pose
the question to appellant could be considered sound trial strategy.


 However, a second
interpretation is that appellant did not understand the terms of the agreement, resulting in
appellant entering into the agreement unknowingly and involuntarily. Such an
interpretation implies that defense counsel either failed to explain the terms of the
agreement to appellant satisfactorily or misled appellant about the agreement’s terms. I
am very concerned by this second possibility because, if true, then counsel’s performance
was ineffective, in that it fell below an objective standard of reasonableness and
necessarily harmed appellant.



          “When a defendant agrees to the terms of a plea bargain agreement he is deemed
to have entered into the agreement knowingly and voluntarily, unless he shows otherwise.” 
Ex parte Williams, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982); see Anthony v. State, 732
S.W.2d 687, 690 (Tex. App.–Corpus Christi 1987, no pet.); see also Hardeman v. State,
Nos. 13-98-617-CR & 13-98-618-CR, 2000 Tex. App. LEXIS 5751, at *10 (Corpus Christi
August 24, 2000, no pet.) (not designated for publication). In addition, appellant also bears
the burden of proving that counsel was ineffective by a preponderance of the evidence. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). There is a strong
presumption that counsel’s conduct fell within the wide range of reasonable professional
assistance. Id. To defeat this presumption, “any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The
United States Supreme Court has held that when ineffective assistance claims are raised
on direct appeal, as is the case here, “appellate counsel and the court must proceed on
a trial record not developed precisely for the object of litigating or preserving the claim and
thus often incomplete or inadequate for this purpose.” Massaro v. United States, 123 S.
Ct. 1690, 1694, 538 U.S. 500 (2003); Freeman v. State, No. 2156-01, 125 S.W.3d 505, at
*3 (Tex. Crim. App. Nov. 5, 2003).
          Here, there is no further indication that the second interpretation of counsel’s
question and appellant’s answer is correct, such as a record establishing appellant
expressly misunderstood the agreement or that he was explicitly misled by defense
counsel. Considering appellant’s burdens, the presumption of reasonable professional
assistance, and the absence of a developed record, appellant has not shown that the
second interpretation I advance is more likely than the first.
          Nevertheless, the trial court arguably should have inquired further into the
knowingness and voluntariness of appellant’s plea. The court of criminal appeals has
emphasized that:
[t]he instances in which defendants are misled by their own attorney or the
State’s attorney should be reduced, as well as the instances in which
defendants feel they have been misled or deceived. . . . The only effect can
be more even-handed justice, a better informed exercise of judicial
discretion, and an increase in the extent to which defendants feel the
criminal justice system has treated them fairly.

Cruz v. State, 530 S.W.2d 817, 822 (Tex. Crim. App. 1975). Accordingly, a few questions
from the bench would have cleared up whether or not appellant understood that the
agreement contemplated a prison sentence, not simply probation.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Publish. Tex. R. App. P. 47.2(b).

Concurring opinion delivered and filed this 
the 8th day of April, 2004.