Affirmed and Memorandum Opinion filed July 31, 2007








Affirmed and Memorandum Opinion filed July 31, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00208-CR

____________

 

JOHN LEE, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 1010758

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant John Lee, Jr. of theft and
sentenced him to 455 days= confinement in a state jail.  In a single
issue, appellant argues the trial court erred in refusing a requested
accomplice-witness instruction as to extraneous conduct introduced during the
guilt-innocence phase of trial.  We affirm.

 

 

 








I.  Factual and Procedural Background

Appellant, John Lee, Jr., began operating a clothing store
in a flea market in 1997.  He sold new and used clothing and purchased clothing
from thrift stores and individuals.  According to evidence presented at trial,
he also purchased new clothing that had been stolen by Adger Armstrong, a
former professional football player, who stole clothing to support his drug
addiction.  

Armstrong testified that he met appellant in the spring of
2004 and learned that appellant wanted Zanella brand men=s slacks to sell
in his store.  Armstrong further testified that he and a woman named Wanda
Humphries devised a plan in which Armstrong would drive Humphries to the door
of Nordstrom department store, Humphries would run in the store, Asnatch and grab@ several pairs of
Zanella slacks, and would then exit the store where Armstrong was waiting to
drive away.  John Lopez, the loss prevention manager for Nordstrom, testified
that he viewed Humphries on videotape executing the Asnatch and grab@ as Armstrong
described.  Armstrong testified that he sold the slacks to appellant for
approximately $30 per pair.  Appellant then began placing specific orders for
slacks, and Armstrong and Humphries repeated the Asnatch and grab@ at Nordstrom at
least twice.  Armstrong testified that appellant knew the slacks were stolen
when he purchased them.  

After police arrested Armstrong and Humphries, they
enlisted Armstrong=s help in apprehending appellant.  In
exchange, prosecutors agreed to tell the judge presiding over Armstrong=s pending charges
that he had been cooperative in this matter.  Captain Dan McAnulty, an
investigator at the Harris County District Attorney=s office, asked
Armstrong to contact appellant and discuss appellant=s next clothing
order.  Lopez lent the requested clothing to Armstrong from Nordstrom=s inventory, and
Armstrong arranged to meet appellant.  








The meeting between Armstrong and appellant was observed by
several officers and recorded on videotape.  The videotape revealed that
appellant purchased the slacks he assumed were stolen and placed another order. 
After appellant=s arrest, police officers executed a
search warrant at appellant=s store in the flea market and found
twenty-eight pairs of Zanella slacks with Nordstrom inventory tags and the name
ANordstrom@ embroidered on a
label inside the slacks.

Appellant was indicted and convicted for the theft of the
slacks that were provided in the sting operation.  At trial, Armstrong
testified about the offense for which appellant was indicted and further
testified regarding the times he previously stole clothes and sold them to
appellant.  At the close of evidence, appellant requested that the trial court
instruct the jury that it could not consider evidence of the extraneous
offenses unless Armstrong=s testimony was corroborated.  The trial
court denied appellant=s request.  The jury convicted appellant
and sentenced him to 455 days= confinement in state jail.

II.  Accomplice Witness Instruction

In his sole issue, appellant contends the trial court erred
in failing to give an accomplice witness instruction as to the extraneous
offenses testified to by Armstrong.  An appellate court=s first duty in
evaluating a jury charge issue is to determine whether error exists.  Middleton
v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003) (en banc).  If error
is found, the appellate court should analyze that error for harm.  Id. 

Section 31.03 of the Penal Code[1]
provides:

(a) A person commits an offense if he unlawfully appropriates property
with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner=s effective consent;

(2) the property is stolen and the actor appropriates the property
knowing it was stolen by another; or








(3) property in the custody of any law enforcement agency was
explicitly represented by any law enforcement agent to the actor as being
stolen and the actor appropriates the property believing it was stolen by
another.

(c) For purposes of Subsection (b):

(1) evidence that the actor has previously participated in recent
transactions other than, but similar to, that which the prosecution is based is
admissible for the purpose of showing knowledge or intent and the issues of
knowledge or intent are raised by the actor=s plea of not guilty;

(2) the testimony of an accomplice
shall be corroborated by proof that tends to connect the actor to the crime,
but the actor=s knowledge or intent may be
established by the uncorroborated testimony of the accomplice.

 

Tex. Penal Code Ann. ' 31.03 (Vernon
Supp. 2006) (emphasis added).  Under Section 31.03(c)(2), the uncorroborated
testimony of an accomplice is sufficient to establish knowledge or intent of an
actor charged with theft under Section 31.03(b)(2).   Matthias v. State,
695 S.W.2d 736, 739 (Tex. App.CHouston [14 Dist.] 1985, pet. ref=d); see also
Nethery v. State, 29 S.W.3d 178, 185B86 (Tex. App.CDallas 2000, pet.
ref=d). 

Here, the trial court included the following instruction on
extraneous offense evidence in the jury charge on guilt-innocence:

You are [] instructed that if there
is any evidence before you in this case regarding the defendant=s committing an alleged offense or
offenses other than the offense alleged against him in the indictment, you
cannot consider such evidence for any purpose unless you find and believe
beyond a reasonable doubt that the defendant committed such other offense or
offenses, if any, and even then you may only consider the same in determining
the intent or knowledge of the defendant, if any, in connection with the
offense, if any alleged against him in the indictment and for no other purpose.

 








Thus,
the evidence of extraneous offenses was not used to obtain a conviction, but
was instead limited to a determination of appellant=s knowledge or
intent.[2] 
And uncorroborated accomplice testimony may establish an actor=s knowledge or
intent.  Thus, the trial court did not err in failing to give an accomplice
witness instruction as to the extraneous conduct introduced through Armstrong=s testimony. 
Accordingly, appellant=s sole issue is overruled. 

III.  Conclusion

Having overruled appellant=s only issue, we
affirm the judgment of the trial court

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment rendered
and Memorandum Opinion filed July 31, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Section 31.03 has been amended, effective September
1, 2007.  Act of May 15, 2007, 80th Leg., R.S., 2007 Tex. Sess. Law Ch. 304
(H.B. 1766).  The amended statute does not apply to appellant=s conviction.  





[2]  Appellant cites Bustamante v. State in
support of his contention evidence of extraneous offenses is barred if based
solely on the uncorroborated testimony of an accomplice to the offenses.  653
S.W.2d 846, 849 (Tex. App.CCorpus Christi
1982, pet. ref=d).  Importantly, however, the Corpus Christi court of
appeals concluded, Ait was error to admit this uncorroborated evidence of
extraneous offenses and, having admitted it, to refuse to give the jury a
proper limiting charge.@  Id.
(emphasis added).  Here, the trial court gave the jury a proper limiting
charge.