**Michael PENA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–01–00067–CR to 13–01–00069–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

April 8, 2004.

John Grogan Kearney, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Jill S. Williams, Asst. Dist. Atty., Corpus Christi, for appellee.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

## OPINION

Opinion by Justice HINOJOSA.

Pursuant to a plea agreement, appellant, Michael Pena, pleaded "guilty" in cause number 13–01–00067–CR to the second degree felony offense of burglary of a habitation.[1] The trial court found him guilty and, in accordance with the agreement, assessed his punishment at ten years imprisonment. Appellant also pleaded "true" to the State's allegations in two motions to revoke community supervision filed in cause numbers 13–01–00068–CR and 13–01–00069–CR. In both cases, the trial court found that appellant had violated the conditions of his community supervision, revoked the community supervision, and assessed punishment at two years confinement in a state jail facility. All three sentences were ordered to run concurrently. The trial court has certified that it gave appellant permission to appeal these three cases. See TEX.R.APP. P. 25.2(a)(2). In a single issue, appellant contends he was denied due process of law when the trial court accepted his plea of guilty and sentenced him under a purported plea bargain that he had not knowingly and voluntarily entered into. We affirm.

### A. VOLUNTARINESS OF THE PLEA AGREEMENT

Before accepting a plea of guilty or no contest, article 26.13 of the Texas Code of Criminal Procedure requires a trial court to admonish the defendant as to the range of punishment, as well as to other consequences of his plea. TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp. 2003); Tabora v. State, 14 S.W.3d 332, 334 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The "range of punishment" for article 26.13 purposes does not include community supervision, and there is no mandatory duty for the trial court to admonish a defendant regarding his eligibility for community supervision. Tabora, 14 S.W.3d at 334. The admonishments may be made either orally or in writing. TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1989). If the admonishments are made in writing, the defendant and his attorney must sign a statement that the defendant understood the admonitions and was aware of the consequences of the guilty plea. Id.

The purpose of article 26.13 is to ensure that only a constitutionally valid plea is entered by the defendant and accepted by the trial court. Meyers v. State, 623 S.W.2d 397, 402 (Tex.Crim.App.1981); see also Basham v. State, 608 S.W.2d 677, 678 (Tex.Crim.App.1980). To be constitutionally valid, a guilty plea must be knowingly and voluntarily made. Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). "The overriding concern is whether a defendant has been deprived of due process and due course of law." Ex parte Lewis, 587 S.W.2d 697, 700 (Tex.Crim.App.1979).

However, the rule that a guilty plea must be voluntary, especially as it concerns consequences, is not without limits. Gomez v. State, 921 S.W.2d 329, 332 (Tex.App.-Corpus Christi 1996, no pet.) (citing Ex parte Evans, 690 S.W.2d 274, 277 (Tex.Crim.App.1985)). A plea is not

1. See TEX. PEN.CODE ANN. § 30.02 (Vernon 2003).

involuntary solely because the accused pleads guilty out of a desire to limit the possible penalty. *Id.* (citing *Flakes v. State,* 802 S.W.2d 844, 853 (Tex.App.-Houston [14th Dist.] 1990, pet. ref'd)). In fact, if the record establishes that the trial court properly admonished the defendant about the consequences of his plea, there is a prima facie showing that the guilty plea was entered knowingly and voluntarily. *See Martinez v. State,* 981 S.W.2d 195, 197 (Tex.Crim.App.1998); *Ex parte Gibauitch,* 688 S.W.2d 868, 871 (Tex.Crim. App.1985); *Dorsey v. State,* 55 S.W.3d 227, 235 (Tex.App.-Corpus Christi 2001, no pet.). The burden then shifts to the defendant to show that he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. *Martinez,* 981 S.W.2d at 197; *Ex parte Gibauitch,* 688 S.W.2d at 871; *Dorsey,* 55 S.W.3d at 235. In determining the voluntariness of a plea, we consider the totality of the circumstances, viewed in light of the entire record. *Martinez,* 981 S.W.2d at 197; *Ybarra v. State,* 93 S.W.3d 922, 925 (Tex.App.-Corpus Christi 2002, no pet.). Once a defendant has pleaded guilty and attested to the voluntary nature of his plea, he bears a heavy burden at a subsequent hearing to demonstrate a lack of voluntariness. *Ybarra,* 93 S.W.3d at 925.

■ In the present case, the trial court held a combined hearing on the indictment presented in cause number 13–01–00067–CR as well as the motions to revoke appellant's community supervision in cause numbers 13–01–00068–CR and 13–01–00069–CR. The record clearly shows that the trial court admonished appellant at length concerning the consequences of his plea. The trial court's written admonishments informed appellant that for the offense of burglary of a habitation, he could be imprisoned for a term of not more than twenty years or less than two years, and in addition, be assessed a fine not to exceed $10,000. Additionally, the trial court orally admonished appellant regarding the appropriate range of punishment. The court's written admonishments did not include community supervision. The written admonishments were evidenced by a document entitled "Acknowledgment by Defendant," which was signed and sworn to by appellant, and a document entitled "Attorney's Certificate," which was signed by appellant's attorney. In the written acknowledgment, appellant said he: (1) understood the court's admonishments, (2) had consulted with his attorney, (3) entered his plea freely, and (4) was fully aware of the consequences of his plea. At the plea hearing, appellant acknowledged that he knew the range of punishment and that he was entering his plea of guilty freely and voluntarily. Appellant then pleaded guilty to the indictment and pleaded true to the allegations in both motions to revoke. The trial court accepted the pleas.

Following these pleas, appellant's written judicial confession, signed and sworn to by appellant, and bearing the signatures of his counsel, the attorney for the State, and the trial court, was introduced into evidence. A review of the confession reflects that appellant admitted all elements of the offense. The State then read the terms of the plea agreement into evidence. The plea agreement provided that in return for his plea of guilty in cause number 13–01–00067–CR, appellant would receive a sentence of ten years imprisonment, and the sentence would run concurrently with the sentences in the two revocation of community supervision cases (cause numbers 13–01–00068–CR and 13–01–00069–CR). The agreement contained no recommendation of community supervision. The prosecutor read the terms of the plea agreement into the record, and the written agreement was admitted into evidence

without objection. At no time during the hearing did appellant inform the trial court that he wanted to withdraw his pleas of guilty and true.

Appellant's counsel then asked permission of the court to allow his client to testify. The court granted permission, and appellant's counsel elicited testimony from appellant regarding drug treatment as a condition of continued community supervision in the two revocation cases (cause numbers 13-01-00068-CR and 13-01-00069-CR).[2] After hearing this testimony, the trial court agreed to be bound by the plea agreement, and sentenced appellant in accordance with the plea agreement.

█ It is undisputed that the trial court admonished appellant in writing. Thus, the burden shifts to appellant to show that his plea was involuntary. *See Martinez*, 981 S.W.2d at 197; *Ex parte Gibauitch*, 688 S.W.2d at 871; *Dorsey*, 55 S.W.3d at 235. To meet this burden, appellant asserts that his counsel had no reason to examine him after the reading of the plea agreement unless counsel was aware that appellant had not and did not agree to the terms of the plea agreement. Appellant contends that after hearing him testify about drug treatment as a condition of continued community supervision, the trial court should have inquired regarding whether he had voluntarily entered into the plea agreement. Under appellant's analysis, a trial court would have a duty to inquire into the voluntariness of a defendant's plea if the defendant asked the court to assess a sentence other than the one set out in a plea bargain agreement. Appellant contends he was denied due pro-

**2.** The testimony provided, in relevant part:

Appellant's Counsel: Mr. Pena, when you committed these offenses, let's talk about all three of them. When you committed all three of these offenses, were you under the influence of drugs at any time?

Appellant: Yes, sir.

Appellant's Counsel: What type of drugs was it?

Appellant: Cocaine.

Appellant's Counsel: Would it be your testimony to this court today then that the use or abuse of drugs has substantially contributed to the reason why you are here today?

Appellant: Yes, sir.

The Court: Let me ask you a question, son. Anyone force you to take drugs?

Appellant: Not really.

The Court: Family do it or insisted on you taking drugs?

Appellant: I had some family members that were in the same position I was.

The Court: Did they force you to take drugs?

Appellant: Not really, but I went that way.

The Court: You went that way.

Appellant: That's why I was put on probation because of crack cocaine.

The Court: That's the mistake that a lot of judges are doing, putting people on probation instead of sending them up and curing them and rehabilitating them. Go ahead.

Appellant's Counsel: Are you asking this court to impose a condition of continued probation instead of a sentence to prison so that you can attend the S.A.F.P.F. facility?

Appellant: Yes.

Appellant's Counsel: You understand what the S.A.F.P.F. facility is?

Appellant: Yes, sir.

Appellant's Counsel: You understand it is simply a condition of probation and it's not a sentence itself?

Appellant: Yes, sir.

Appellant's Counsel: You can be sent away for up to a year. What have you heard about this facility?

Appellant: It's a place for myself, for drug users.

Appellant's Counsel: Have you heard that it's the best facility that Texas has ever designed?

Appellant: Yes, sir.

The Court: You also know that it only works if you want to cure yourself, rehabilitate yourself. If you don't, it would be a waste of money and time on your part and the state. Do you understand that also?

Appellant: Yes, sir. I ain't going to waste no time, but try to help myself.

cess of law when the trial court failed to inquire into the voluntariness of his pleas and accepted his pleas of guilty and true.

■ Appellant's argument rests entirely on the assumption that he was entitled to receive community supervision, and, more specifically, to receive some form of drug rehabilitation as a condition of continued community supervision. However, there is no fundamental right to receive community supervision; it is within the discretion of the trial court to determine whether an individual defendant is entitled to community supervision. *Flores v. State,* 904 S.W.2d 129, 130 (Tex.Crim. App.1995); *Bustamante v. State,* 653 S.W.2d 846, 850 (Tex.App.-Corpus Christi 1982, pet. dism'd). The court of criminal appeals has remained steadfast in the position that assessment of punishment is the province of the judge or jury, not the prosecutor or the defendant. *Gutierrez v. State,* 108 S.W.3d 304, 308 (Tex.Crim.App. 2003).

■ Moreover, there is no requirement that the trial court orally inquire about the voluntariness of a plea after the defendant and trial counsel have signed written admonishments, statements, or waivers, and the judge has established that the defendant has read and understood them. *Cantu v. State,* 993 S.W.2d 712, 716–17 (Tex. App.-San Antonio 1999, pet. ref'd); *Edwards v. State,* 921 S.W.2d 477, 479 (Tex. App.-Houston [1st Dist.] 1996, no pet.); *Gonzales v. State,* 899 S.W.2d 819, 821 (Tex.App.-Fort Worth 1995, pet. ref'd) (citing *Smith v. State,* 853 S.W.2d 140, 141 (Tex.App.-Corpus Christi 1993, no pet.)); *Rodriguez v. State,* 850 S.W.2d 603, 607 (Tex.App.-El Paso 1993, no pet.). Appellant does not dispute the fact that the trial court admonished him both orally and in writing. The record reflects that the trial court, no less than eight times, asked appellant if he understood the consequences

of pleading guilty. Further, we find no evidence in the record that appellant ever complained to the trial court that his plea was not knowingly, freely, or voluntarily entered. The record contains no evidence showing appellant ever expressed any dissatisfaction with the plea agreement. At the plea hearing, appellant's counsel did not attack the plea agreement or the State's evidence. Finally, appellant's elicited testimony regarding drug treatment does not show that he entered his pleas of guilty and true without understanding the consequences of his action or that he suffered harm.

Thus, we reject appellant's contention that it was incumbent upon the trial court to refuse to accept his pleas of guilty and true after hearing appellant's testimony regarding drug rehabilitation as a condition of continued community supervision. We hold that appellant has failed to meet his burden to show that: (1) he entered his pleas without understanding the consequences of his action, and (2) he suffered harm.

### B.   MISINFORMATION BY COUNSEL

■ Appellant further contends that he entered his pleas on the advice of counsel. He claims his counsel led him to believe that he could receive community supervision and drug treatment.

■ If a guilty plea is entered upon the advice of counsel, that counsel must be competent and render effective assistance. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Evans,* 690 S.W.2d at 276; *Gomez,* 921 S.W.2d at 332. To prove his claim of ineffective assistance, an appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors he

would not have pleaded guilty and would have insisted upon going to trial. *Hill,* 474 U.S. at 57, 106 S.Ct. 366; *Ex parte Moody,* 991 S.W.2d 856, 857–58 (Tex.Crim.App. 1999); *Gomez,* 921 S.W.2d at 332–33. The adequacy of counsel's assistance must be gauged by the totality of the representation. *Gomez,* 921 S.W.2d at 333. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim. App.1999). The defendant must prove ineffective assistance of counsel by a preponderance of the evidence. *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002).

■ However, a defendant's claim that he was misinformed by counsel, without more, does not make a plea involuntary. *Tabora,* 14 S.W.3d at 336. In cases holding a guilty plea to be involuntary, the record contains confirmation of the misinformation by counsel, or documents augmenting the defendant's testimony that reveal the misinformation and show its conveyance to the defendant. *Id.* at 337; *see Ex parte Battle,* 817 S.W.2d 81, 83 (Tex.Crim.App.1991); *Ex parte Griffin,* 679 S.W.2d 15, 18 (Tex.Crim.App.1984); *Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Crim.App.1980).

Here, the elicited testimony fails to enlighten us as to whether counsel advised appellant that he was eligible for community supervision. The record is completely devoid of any inference or insinuation that defense counsel misinformed appellant in this regard. Even if we presume appellant was misinformed by counsel regarding his eligibility for community supervision, appellant has not shown that he would not have entered his pleas of guilty and true but for counsel's alleged misinformation. Nor has appellant shown that his pleas were actually induced by the alleged misinformation. Based on the record before us, we cannot say that but for counsel's alleged misinformation, appellant would not have entered his pleas of guilty and true.[3]

We hold appellant has failed to prove that his pleas of guilty and true were involuntarily made. Appellant's sole issue is overruled.

The trial court's judgments in these three cases are affirmed.

Concurring opinion by Justice YAÑEZ.

Opinion by Justice YAÑEZ.

I must concur in the result reached by the majority. After the agreement was read into the record by the State at the hearing, defense counsel examined appellant. Counsel inquired, "Are you asking this court to impose a condition of continued probation instead of a sentence of prison?" Appellant answered, "Yes." This question and answer are open to two different interpretations. One interpretation is that defense counsel and appellant were pleading with the trial court to assign a lesser punishment than was contemplated by the agreement. As the trial court is authorized to grant such relief,[1] the deci-

3. We note that an appellant whose attempt at a direct appeal is unsuccessful because of an undeveloped record is not without a potential remedy. Challenges requiring development of a record to substantiate the claim, such as involuntariness or ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX.CODE CRIM.

PROC. ANN. art. 11.07 (Vernon Supp.2003); *Cooper v. State,* 45 S.W.3d 77, 82 (Tex.Crim. App.2001).

1. "The recommendation of the prosecuting attorney as to punishment is not binding on the court." TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon Supp.2004).

sion to pose the question to appellant could be considered sound trial strategy.[2] However, a second interpretation is that appellant did not understand the terms of the agreement, resulting in appellant entering into the agreement unknowingly and involuntarily. Such an interpretation implies that defense counsel either failed to explain the terms of the agreement to appellant satisfactorily or misled appellant about the agreement's terms. I am very concerned by this second possibility because, if true, then counsel's performance was ineffective, in that it fell below an objective standard of reasonableness and necessarily harmed appellant.[3]

"When a defendant agrees to the terms of a plea bargain agreement he is deemed to have entered into the agreement knowingly and voluntarily, unless he shows otherwise." *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim.App.1982); *see Anthony v. State*, 732 S.W.2d 687, 690 (Tex.App.-Corpus Christi 1987, no pet.); *see also Hardeman v. State*, Nos. 13–98–617–CR & 13–98–618–CR, 2000 WL 34251897, at *4, 2000 Tex.App. LEXIS 5751, at *10 (Corpus Christi August 24, 2000, no pet.) (not designated for publication). In addition, appellant also bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To defeat this presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). The United States Supreme Court has held that when ineffective assistance

claims are raised on direct appeal, as is the case here, "appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *Freeman v. State*, 125 S.W.3d 505, 508 (Tex.Crim.App., 2003).

Here, there is no further indication that the second interpretation of counsel's question and appellant's answer is correct, such as a record establishing appellant expressly misunderstood the agreement or that he was explicitly misled by defense counsel. Considering appellant's burdens, the presumption of reasonable professional assistance, and the absence of a developed record, appellant has not shown that the second interpretation I advance is more likely than the first.

Nevertheless, the trial court arguably should have inquired further into the knowingness and voluntariness of appellant's plea. The court of criminal appeals has emphasized that:

> [t]he instances in which defendants are misled by their own attorney or the State's attorney should be reduced, as well as the instances in which defendants feel they have been misled or deceived.... The only effect can be more even-handed justice, a better informed exercise of judicial discretion, and an increase in the extent to which defendants feel the criminal justice system has treated them fairly.

*Cruz v. State*, 530 S.W.2d 817, 822 (Tex. Crim.App.1975). Accordingly, a few questions from the bench would have cleared up whether or not appellant understood

---

**2.** *See Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**3.** *See id.; Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999).

that the agreement contemplated a prison sentence, not simply probation.