NUMBER 13-06-544-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EX PARTE: FRANCISCA CRISELDA ABREGO-SILVA

 
 

On appeal from the 103rd District Court of Cameron County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza 
 

Memorandum Opinion by Justice Garza


 

 Pursuant to a plea bargain, appellant, Francisca Criselda Abrego-Silva, pleaded
guilty to the offense of possession of a controlled substance and was sentenced to two
years' deferred adjudication community supervision. See Tex. Health & Safety Code Ann.
§ 481.115(b) (Vernon 2003). (1) On June 20, 2006, appellant filed a post-conviction
application for writ of habeas corpus, asserting that defense counsel provided ineffective
assistance of counsel because he provided appellant with erroneous information regarding
the deportation consequences of entering a guilty plea. Tex. Code Crim. Proc. Ann. art.
11.072 (Vernon 2005). After a hearing, the trial court denied the application. We affirm. 
 In her application for writ of habeas corpus and on appeal, appellant contends she
would not have pleaded guilty but for the erroneous immigration advice she received from
defense counsel. She alleges counsel told her that deferred adjudication community
supervision (to possession) would not adversely affect her immigration status. (2) 

Standard of Review

 To prevail on a writ of habeas corpus, the proponent must prove her allegations by
a preponderance of the evidence. See Ex parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim.
App. 1995). We review a trial court's ruling on an application for writ of habeas corpus
under an abuse of discretion standard. Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim.
App. 2006) (an appellate court must review the record evidence in the light most favorable
to the trial court's ruling and must uphold that ruling absent an abuse of discretion); Ex parte
Peterson, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003). 

Ineffective Assistance

 If a guilty plea is entered upon the advice of counsel, that counsel must be
competent and render effective assistance. See Pena v. State, 132 S.W.3d 663, 668 (Tex.
App.-Corpus Christi 2004, no pet.). An accused is entitled to effective assistance of
counsel during the plea bargaining process. Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim.
App. 1991). A defendant's plea of guilty is not voluntary or knowing when it is based upon
the erroneous advice of counsel. Id. In the context of habeas corpus proceedings, when
a defendant challenges the voluntariness of a plea, contending that his counsel was
ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was
within the range of competence demanded of attorneys in criminal cases and, if not, (2)
whether there is reasonable probability that, but for counsel's errors, he would not have
pleaded guilty and would have insisted on going to trial. See Ex parte Moody, 991 S.W.2d
856, 857-58 (Tex. Crim. App. 1999); Pena v. State, 132 S.W.3d at 669; see also Strickland
v. Washington, 466 U.S. 668, 687 (1984). The adequacy of counsel's assistance must be
gauged by the totality of the representation. Pena, 132 S.W.3d at 669 (citing Gomez, 921
S.W.2d at 333). There is a strong presumption that counsel rendered adequate assistance
and made all significant decisions in the exercise of reasonable professional judgment. 
Strickland, 466 U.S. at 669; Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
In the present case, appellant has the burden to show that counsel's performance fell below
a reasonable standard of competence and that there is a reasonable probability that she
would have pleaded not guilty and insisted on going to trial. Moody, 991 S.W.2d at 858; Ex
parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). 

 The record on appeal does not contain a copy of the plea hearing. However,
appellant's "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and
Plea of Guilty" was made part of the record. Specifically, the document, signed by
appellant, states: "If not a citizen of the United States of America I understand that a plea
of guilty or nolo contendere for the offense charged may result in deportation, the exclusion
from admission to this Country, or the denial of naturalization under federal law." (3) During
the hearing on the writ, held on August 29, 2006, appellant testified that the trial court
verbally admonished her that a plea of guilty may result in deportation, exclusion from
admission to this country, or denial of naturalization under federal law. Appellant testified
she understood the court's deportation admonishment, but nonetheless chose to follow her
attorney's advice and plead guilty because her attorney advised her it was the best thing
to do. 

 The record does not support appellant's contention that her guilty plea was induced
by counsel's alleged misinformation. In fact, other than appellant's bare assertions, nothing
in the record shows that defense counsel misinformed her in regard to the deportation
consequence. See Pena, 132 S.W.3d at 669 (stating "[A] defendant's claim that he was
misinformed by counsel, without more, does not make a plea involuntary."); see also Tabora
v. State, 14 S.W.3d 332, 336 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (stating that
a defendant's claim that he was misinformed by counsel, without more, does not make a
plea involuntary). In the present case, appellant did not subpoena defense counsel to
testify nor did she acquire an affidavit from him. Thus, the record is devoid of any
confirmation of the misinformation by counsel, or documents that reveal the misinformation
and show its conveyance to the defendant. See Pena, 132 S.W.3d at 669 (stating, "In
cases holding a guilty plea to be involuntary, the record contains confirmation of the
misinformation by counsel, or documents augmenting the defendant's testimony that reveal
the misinformation and shows its conveyance to the defendant.") (citing Tabora, 14 S.W.3d
at 337; Ex parte Battle, 817 S.W.2d at 83; Ex parte Griffin, 679 S.W.2d 15, 18 (Tex. Crim.
App. 1984); Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980)). 

 The trial court informed appellant of the risk of deportation. Appellant admitted she
understood the court's admonishments. Nothing in this record supports a finding that
defense counsel was ineffective. We hold that appellant did not prove by a preponderance
of the evidence that she was entitled to relief under article 11.072. Thus, we affirm the trial
court's order.


 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 28th day of June, 2007.

1. Appellant was sentenced on October 17, 2003. She successfully completed her deferred adjudication and
was released from probation on October 13, 2005. 
2. Specifically, appellant alleged that defense counsel told her, "there wouldn't be any immigration consequence,
that everything would be all right, and that maybe even in the future he would be able to erase that from my
record." 
3. This admonishment tracks the language of article 26.13(a)(4) of the code of criminal procedure, which
requires the trial court to admonish the defendant of potential immigration consequences before accepting
a plea of guilty or nolo contendere. Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon Supp. 2006).