

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS. 2-07-244-CR**
**2-07-245-CR**
**2-07-246-CR**
**2-07-247-CR**
**2-07-248-CR**
**2-07-249-CR**

GREGORY WAYNE BRISCOE                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In two points, Appellant Gregory Wayne Briscoe appeals his convictions

for aggravated robbery with a deadly weapon, robbery by threats, and evading

arrest.  We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## II. Factual and Procedural History

On April 13, 2004, Briscoe went on a crime spree. He robbed employees of two stores and the owner of one of the stores, whom he encountered as he left the scene. Briscoe drove away and attempted to elude an alerted police officer by weaving through traffic—his car collided head-on with another vehicle, and he continued to try to evade the officer by fleeing on foot. Soon afterward, he broke into the house of an elderly woman, threatened her, and stole money and car keys from her purse. When Briscoe went into the bathroom, the woman ran to the front porch and screamed for help. A police officer on the street responded to her screams and pursued Briscoe, who ran from the residence. The police subsequently caught and arrested Briscoe.

Briscoe entered open pleas of "guilty" to six offenses: (1) one count of aggravated robbery with a deadly weapon; (2) four counts of robbery by threats; and (3) one count of evading arrest. He also pleaded "true" to the repeat-offender notices in the aggravated-robbery and robbery-by-threats charges. The trial court subsequently found Briscoe guilty on all charges and found the repeat-offender notices to be true. Following a punishment hearing, the trial court assessed Briscoe's punishment at life imprisonment for each of the robbery charges and the aggravated-robbery charge, and it assessed two

2

years for evading arrest, with all sentences to run concurrently. This appeal followed.

### III. Failure to Admonish

In his first point, Briscoe argues that the trial court failed to admonish him as to the range of punishment attached to each charge and its respective enhancement, thus rendering involuntary his pleas of "guilty" and "true."

**A. Standard of Review**

The voluntariness of a guilty plea is determined by the totality of the circumstances as viewed in light of the entire record. *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.); *Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Before accepting a defendant's guilty plea, a trial court is required to admonish the defendant as to, *inter alia*, the range of punishment attached to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp. 2007). A trial court may make the required admonitions either orally or in writing. *Id.* art. 26.13(d). If the admonitions are made in writing, then the court must receive a statement signed by the defendant and the defendant's attorney that the defendant understands the admonitions and is aware of the consequences of his plea. *Id.* Once the defendant and his attorney have signed written admonitions and the judge has established that the defendant has read and understood the

3

admonitions, the judge is not required to orally inquire about the voluntariness of the defendant's plea. *Edwards*, 921 S.W.2d at 479; *Pena v. State*, 132 S.W.3d 663, 668 (Tex. App.—Corpus Christi 2004, no pet.). When the record shows that the defendant received an admonition on punishment, it is a prima facie showing that the plea was knowing and voluntary, and the burden shifts to the defendant to show that he entered his plea without understanding the consequences. *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Edwards*, 921 S.W.2d at 481–82. If the defendant has stated that he understands the nature of his plea and that it was voluntary, then he has a "heavy burden" to prove on appeal that his plea was involuntary. *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *Arreola*, 207 S.W.3d at 391.

**B. Analysis**

In arguing that his guilty pleas were involuntary, Briscoe focuses on his oral statements during the sentencing hearing. Briscoe argues that those statements show that he was confused as to the range of punishment at the time that he entered his pleas and that he wanted to withdraw his pleas and accept the State's earlier plea-bargain offer. Briscoe fails to acknowledge, however, that the record clearly reflects that the trial court complied with the statutory requirements regarding written admonitions.

4

The trial court admonished Briscoe in writing of the applicable range of punishment for each charged offense. For each charge, Briscoe and his attorney both signed a document titled "Written Plea Admonishments." Paragraph 3 of each document states, "If convicted of the above offense, you face the following range of punishment. . . ." For the charges of robbery by threats, each of these documents has an "X" next to the following statement: "SECOND DEGREE FELONY ENHANCED: Life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may also be assessed." For the charge of aggravated robbery, the document has an "X" next to the following statement: "FIRST DEGREE FELONY ENHANCED: Life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may also be assessed." For the charge of evading arrest, the document has an "X" next to the following statement: "STATE JAIL FELONY: A term of not less than 180 days or more than 2 years in a state jail; and in addition, a fine not to exceed $10,000 may also be assessed."

On all six of these documents, Briscoe signed a "Written Waiver of Defendant–Joined By Attorney." Among the statements in these documents are the following: (1) "I [the defendant] fully understand each of the above

5

written plea admonishments given by the Court and I have no questions"; (2) "I am aware of the consequences of my plea"; (3) "I am mentally competent and my plea is knowingly, freely, and voluntarily entered"; and (4) "I give up and waive my right to a jury, both as to my guilt and assessment of my punishment." Immediately below Briscoe's signature on each document, his attorney signed the following statement:

> I have fully reviewed and explained the above and foregoing court admonishments, rights, and waivers, as well as the following judicial confession to the Defendant. I am satisfied that the Defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and will enter a guilty plea understanding the consequences thereof.

Finally, on each document, Briscoe, his attorney, and the trial court all signed a statement that includes the following: "The Court has given the Defendant the admonishments set out in paragraphs numbered 1 through 15, above. In addition, the Court finds that the Defendant is mentally competent and that his plea is intelligently, freely and voluntarily entered."[2]

Statements made by both Briscoe and his attorney at the plea hearing also indicate that Briscoe was aware of the range of punishment that he might

---

[2] Notably, on each of these six documents, a statement that Briscoe "waive[s] preparation of a presentence investigation report" has been marked out, and both Briscoe's initials and his attorney's initials appear next to the marked-out statement.

6

receive. According to the transcript of the hearing, the State had offered

Briscoe a plea bargain of forty-five years' confinement, and Briscoe's attorney

had convinced the State to reduce the offer to thirty-three years. Nevertheless,

Briscoe rejected the plea bargain and pleaded "guilty" to each charge and "true"

to the repeat-offender notices. Briscoe's attorney stated to the court that he

had explained to Briscoe that

> 33 years is roughly half of what he could get under the law . . . I think that Mr. Briscoe very likely . . . is going to receive a life sentence. And I know the Court [hasn't] prejudged that, but I think that's well within the range of possibility . . . Thirty-three is the best the [S]tate is going to do, and it is absolutely against my advice that we enter an open plea in this case and seek a presentence investigation because I do not believe that is going to benefit him at all. But, beyond that, I mean, I believe even though he's been treated by MHMR I do believe he is competent. He has the capacity. He discussed with me these offenses. He appears to understand—that he understands the procedure. I do not think this is an issue of competency. I think he has the right to make this decision even though it is, in my opinion, the wrong decision.

At this same hearing, the following exchange subsequently took place between

Briscoe and the trial court:

> [Trial Court]: . . . You understand the ranges of punishment?
>
> [Briscoe]: Yes, ma'am.
>
> [Trial Court]: And did you have any questions at all about the documents you signed?
>
> [Briscoe]: No, ma'am.

7

[Trial Court]: And your attorney has gone over this with you. Did you have any questions of him?

[Briscoe]: He already did, he did. My attorney did.

[Trial Court]: Do you have any questions?

[Briscoe]: No.

[Trial Court]: None at all?

[Briscoe]: No, ma'am.

The trial court concluded the hearing by stating the following: "And I do find that you[] are competent and find that you are freely and voluntarily making this decision albeit maybe not the smartest one you ever made. This is your last chance. Do you want to change your mind?" To this, Briscoe answered, "No, ma'am."

The trial court complied with the statutory requirements for accepting Briscoe's guilty pleas through the written admonitions, which Briscoe and his attorney signed. Moreover, given those written admonitions and the detailed discussions at the plea hearing between Briscoe, his attorney, and the trial court about Briscoe's pleas, Briscoe's argument that he was "confused" when he entered his pleas[3] fails to satisfy his "heavy burden" to prove that his pleas

---

[3] Specifically, Briscoe argues that his ignorance of the consequences of his pleas of "guilty" without a plea bargain was "obvious" because at the beginning of the sentencing hearing, he "fervently requested to be allowed to

were involuntary. *See Acosta*, 160 S.W.3d at 211; *Arreola*, 207 S.W.3d at 391. Therefore, we overrule Briscoe's first point.

## IV. Assessment of Maximum Punishment

In his second point, Briscoe argues that the trial court's assessment of the maximum punishment as to all six charges violated his Due Process rights under the Fifth and Fourteenth Amendments of the United States Constitution. The State argues that Briscoe failed to preserve any error as to this point, though it notes that at least one court of appeals has held that a defendant may complain for the first time on appeal about a trial court's alleged refusal to consider the full range of punishment. *Jaenicke v. State*, 109 S.W.3d 793, 796–97 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *Steadman v. State*, 31 S.W.3d 738, 741–42 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Assuming, without deciding, that Briscoe was not required to preserve his complaint for appeal, we conclude that he has not shown that he was denied due process.

### A. Standard of Review

A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex.

---

accept, belatedly, the thirty-three year plea bargain offer."

9

Crim. App. 1983), *overruled on other grounds by De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004); *Burke v. State*, 930 S.W.2d 230, 234 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). "Arbitrary" means capricious and unreasonable. *Roman v. State*, 145 S.W.3d 316, 320 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). An opinion based on personal knowledge and reason is "the exact opposite of arbitrary." *Id.* In the absence of a clear showing to the contrary, we assume that the trial court was neutral and detached in imposing a sentence. *Jaenicke*, 109 S.W.3d at 796; *Salinas v. State*, 9 S.W.3d 338, 340 (Tex. App.—San Antonio 1999, no pet.).

**B. Analysis**

In arguing that the trial court was not neutral and detached in imposing its sentence, Briscoe relies on statements by both the trial court and his attorney. Neither statement, however, indicates that the trial court arbitrarily refused to consider the entire range of punishment. During the plea hearing, the trial court stated that Briscoe's best interest "would probably not be served by me setting his sentence." This does not, in and of itself, indicate that the trial court arbitrarily refused to consider the entire range of punishment. Particularly since the trial court knew that Briscoe wanted to plead "guilty" to all six charges and that he wanted to plead "true" to the repeat-offender notices

in five of the charges, this statement does not clearly indicate that the trial court was not neutral and detached in imposing Briscoe's sentence. *See Jaenicke*, 109 S.W.3d at 796; *Salinas*, 9 S.W.3d at 340.

Briscoe also relies on the following statement from his attorney: "I think that Mr. Briscoe very likely would be from a jury or this court, is going to receive a life sentence. And I know the Court [hasn't] prejudged that, but I think that's well within the range of possibility." By his own words, however, Briscoe's attorney acknowledged that the trial court had not prejudged Briscoe's sentence. In this same statement, Briscoe's attorney also acknowledged that because of the specific facts of Briscoe's case, a life sentence was "very likely." This statement, made by someone very familiar with the specifics of Briscoe's case, suggests that imposition of a life sentence would not be "capricious and unreasonable." *See Roman*, 145 S.W.3d at 320.

Finally, we note that on the day of the sentencing hearing, the trial court had received and reviewed Briscoe's presentence investigation report, which recommended that Briscoe be sentenced to prison "for a lengthy term deemed appropriate by the Court." During the hearing, the State offered the report as evidence, and Briscoe's attorney stated that "[w]e have no objections since Mr. Briscoe specifically asked that this report be generated and available to the

Court over my objection." Following testimony by Briscoe, the trial court sentenced him. All of this indicates that the trial court's assessment of Briscoe's punishment was not arbitrary; instead, it was based on "personal knowledge and reason." *See id.*

Thus, Briscoe has not clearly shown that the trial court was not neutral and detached in imposing the sentences. *See Jaenicke*, 109 S.W.3d at 796; *Salinas*, 9 S.W.3d at 340. Briscoe's second point is overruled.

## V.  Conclusion

Having overruled both of Briscoe's points, we affirm the trial court's judgment.

PER CURIAM

PANEL F:  MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: June 5, 2008

12