

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-129-CR**

EX PARTE BRUCE PATTERSON

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Bruce Patterson appeals the trial court's denial of relief requested in his application for writ of habeas corpus. We affirm.

On April 17, 1996, appellant pleaded nolo contendere to driving while intoxicated. The trial court issued a probation order memorializing appellant's bargained-for plea and ordering him to serve two years' probation. Appellant timely filed a motion for new trial and a notice of appeal.

---

[1] *See* Tex. R. App. P. 47.4.

On August 23, 1996, while the appeal was pending, the trial court granted appellant's motion for new trial and issued a second probation order in the same cause memorializing a second plea agreement in which appellant agreed to plead guilty in exchange for two years' probation. We then dismissed appellant's appeal as moot, noting that the trial court had granted a new trial.[2]

On August 31, 1998, the trial court found that appellant successfully completed the terms of his probation and discharged appellant from probation.

On October 18, 2007, appellant filed with the trial court his Application and Brief for Issuance of Writ of Habeas Corpus, alleging that he was denied effective assistance of counsel, that his first plea was involuntary, and that the trial court lacked jurisdiction to accept appellant's second plea. The trial court denied the requested relief, and this appeal followed.

A person who has completed a term of community supervision for a misdemeanor offense may attack the validity of the conviction by applying for a writ of habeas corpus from the convicting court.[3] The writ issues by

---

[2] *Patterson v. State,* No. 02-96-00342-CR (Tex. App.—Fort Worth Oct. 10, 1996, no pet.)(not designated for publication).

[3] Tex. Code Crim. Proc. Ann. art. 11.072, § 2(b) (Vernon 2005); *Villanueva v. State,* 252 S.W.3d 391, 395 (Tex. Crim. App. 2008).

operation of law.[4]   The court's ruling on the application for the writ is appealable.[5]

We review a trial court's decision to grant or deny the relief requested on a writ of habeas corpus under an abuse of discretion standard.[6]   In reviewing the trial court's decision, we review the record in the light most favorable to the trial court's ruling.[7]   We pay almost total deference to the trial court's determination of historical facts that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor.[8]   This deferential review applies even when "no witnesses testify and all of the evidence is submitted in written affidavits."[9]   In a habeas

---

[4] Tex. Code Crim. Proc. Ann. art. 11.072, § 4(a).

[5] *Id.* § 8; *Villanueva,* 252 S.W.3d at 396.

[6] *Ex parte Cummins,* 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.); *Ex parte Mann,* 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.).

[7] *Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis,* 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *Arreola v. State,* 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

[8] *Peterson,* 117 S.W.3d at 819; *Arreola,* 207 S.W.3d at 391.

[9] *Ex parte Wheeler,* 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006).

proceeding, the applicant has the burden of proving that an error contributed to his conviction or punishment.[10]

Appellant contends that the trial court had no authority to grant a new trial, to take a second plea, and to issue a second probation order. We agree. The original order upon which appellant based his motion for new trial was signed on April 17, 1996. Appellant filed his motion for new trial on May 10, 1996. On July 1, 1996, the motion was overruled by operation of law.[11] Thus, on August 23, 1996, when the trial court granted the motion for new trial, took a new plea and ordered that appellant be placed on probation, it did so without jurisdiction. Consequently, the second probation order was void.

---

[10] *Ex parte Williams,* 65 S.W.3d 656, 658 (Tex. Crim. App. 2001).

[11] At the time appellant filed his motion for new trial, the applicable rule was Texas Rule of Appellate Procedure 31(e). It provided

> (1) *Time to Rule.* The court shall determine the motion for new trial within 75 days after the date sentence is imposed or suspended in open court.
>
> . . .
>
> (3) *Failure to Rule.* A motion not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of the period of time prescribed in section (e)(1) of this rule.

Tex. R. App. P. 31(e) (Tex. Crim. App. 1986, superseded 1997). The rule has been recodified as Texas Rule of Appellate Procedure 21.8. *See* Tex. R. App. P. 21.8.

4

To determine whether appellant is entitled to habeas relief, however, we must decide whether the first probation order also is void.

Appellant argues that the first probation order of April 17, 1996, is void because his court-appointed trial counsel provided ineffective assistance which rendered his plea involuntary. Specifically, appellant alleges that, following his arrest, his trial counsel advised him that he could either stay in jail until counsel reviewed the state's evidence or accept the plea bargain that was being offered; that a conviction would not affect his commercial driver's license; and that he could not obtain a new bond. Thus, appellant contends he pleaded nolo contendere[12] "under duress as I was desperate to keep my job which required I stay out of jail."

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant."[13] When a defendant challenges the voluntariness of a plea based on the advice of counsel, alleging that his counsel

---

[12] A plea of nolo contendere has the same legal effect as a plea of guilty except that it may not be used as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based. Tex. Crim. Proc. Ann. art. 27.02(5) (Vernon 2006). For purposes of this appeal, appellant's plea of nolo contendere is treated the same as a plea of guilty.

[13] *Hill v. Lockhart*, 474 U.S. 52, 55, 106 S. Ct. 366, 368 (1985).

5

was ineffective, appellant has the burden to show 1) that counsel's performance fell below a reasonable standard of competence and 2) that appellant would, with a reasonable probability, have pleaded not guilty and insisted on going to trial had counsel not committed the errors alleged by appellant.[14]

The thrust of appellant's ineffective assistance complaint is that he pleaded nolo contendere to avoid losing his job. None of his affidavit testimony demonstrates that his plea was based on trial counsel's alleged advice. Nor is there any allegation or evidence in the record of deficient conduct that prevented appellant from obtaining a new bond. Therefore, appellant has not met his burden of establishing that counsel's performance fell below a reasonable standard of competence, or that appellant received objectively deficient representation.[15]

---

[14] *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 810 (1998), *overruled in part on other grounds by Taylor v. State*, 109 S.W.3d 443 (Tex. Crim. App. 2003).

[15] Regarding appellant's claim that his plea was involuntary because counsel failed to accurately advise him of the possible effect a conviction would have on his commercial drivers license, a claim that a defendant was misinformed by counsel, standing alone, is not enough to render a plea involuntary. *See Pena v. State*, 132 S.W.3d 663, 669 (Tex. App.—Corpus Christi 2004, no pet.); *Tabora v. State*, 14 S.W.3d 332, 334 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Fimberg v. State*, 922 S.W.2d 205,

Because appellant has failed to meet his burden of showing that his first plea was involuntary, the trial court did not abuse its discretion in denying appellant's application for writ of habeas corpus. The trial court's judgment is, therefore, affirmed.

PER CURIAM

PANEL: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 4, 2008

---

208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). Moreover, any effect a conviction would have on appellant's commercial drivers license would be a collateral consequence of the conviction. Counsel's failure to properly advise a defendant of the collateral consequences of a conviction does not rise to the level of constitutionally ineffective assistance of counsel and does not render a plea involuntary. *See Morrow*, 952 S.W.2d at 536.