NUMBER 13-08-00006-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HECTOR MORALES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez
 

 Appellant, Hector Morales, entered an open plea of guilty to three counts of
aggravated sexual assault of a child and three counts of indecency with a child. (1) For the
three counts of aggravated assault, the trial court sentenced Morales to three life
sentences to run concurrently, and for each of the three counts of indecency with a child,
the trial court sentenced Morales to a term of twenty years' confinement, each of which
would run consecutively to the life sentences. By three issues, Morales contends that the
trial court erred in denying his motion for new trial and that his plea was involuntary
because trial counsel rendered ineffective assistance. We affirm.

I. Background

 On October 11, 2007, after Morales entered his guilty plea, the trial court imposed
sentence. On October 29, 2007, Morales filed a timely motion for new trial alleging: (1)
"The verdict in this cause is contrary to the law and the evidence."; and (2) "The trial court
has the discretion to grant a new trial in the interests of justice, as the Court of Criminal
Appeals has emphasized." Morales did not attach any supporting affidavits to his motion. 
On December 10, 2007, Morales filed an affidavit from his trial counsel stating:

 I was trial counsel for [Morales]. I believed he was competent to stand trial
and that he understood the nature of the proceedings when he entered his
plea of "Guilty" to the Court. However, now I'm not sure he did. I base this
on his reaction to the Court's pronouncement of sentence in Court. He
turned to me after the Court's decision and said, "What does that mean?" 
He really didn't understand what had just happened. He didn't comprehend
the sentence of "Life with 20 years stacked." I tried to explain it to him right
after the sentencing, but he seemed to still not comprehend the situation. If
he didn't understand the sentence after the ruling, I fear he did not
understand the range of punishment prior to entering his plea.


 On December 14, 2007, the trial court held a hearing on Morales's motion for new
trial. The State objected on the basis that Morales did not raise ineffective assistance of
counsel in his original motion for new trial, and that trial counsel's affidavit was not filed
within the thirty-day period. The trial court overruled the State's objection, and the trial
court granted the State's running objection to the testimony. (2)

 At the hearing, Morales argued that trial counsel rendered ineffective assistance
because in his affidavit, trial counsel stated that Morales "may not have understood what
he was getting himself into at the time of the plea and it just ties with the lawyer pursuing
the plea and going forward, maybe knowing that his client didn't fully understand
everything." Trial counsel testified that he was afraid that Morales did not fully understand
the "complete range of punishment" based on Morales's "response" after the trial court
imposed its sentence. According to trial counsel, when he tried to explain the sentence to
Morales after the trial court imposed its sentence, he observed that Morales did not appear
to understand. However, trial counsel also testified that before Morales entered his plea,
trial counsel "went over the range of punishment and [Morales] appeared, his responses
were appropriate to what we were talking about." On cross-examination, trial counsel
stated that he believed Morales understood the full range of punishment before he entered
his plea. Trial counsel also conceded that Morales's response to the sentence may have
been caused by "shock." On redirect examination, trial counsel stated that he explained
to Morales the full range of punishment and that he could get the maximum sentence.

 The trial court denied Morales's motion for new trial. This appeal ensued. (3)

III. Motion for New Trial

 By his first issue, Morales contends that the trial court erred in denying his motion
for new trial on the basis that trial counsel rendered ineffective assistance. Specifically,
Morales argues his plea was involuntary because he did not understand the consequences
of his plea due to trial counsel's ineffective assistance.

 In his motion for new trial, Morales did not allege that trial counsel was ineffective,
and Morales did not attach any supporting affidavits to the motion. Over the State's
objection, the trial court allowed Morales to argue at the new trial hearing that trial counsel
rendered ineffective assistance.

 In Trout v. State, (4) the defendant filed a timely motion for new trial alleging two acts
of jury misconduct supported by two affidavits attached to the motion. (5) The trial court
conducted a hearing on the motion and, over the State's objection, allowed the defendant
to raise a third act of jury misconduct that had not been raised in the defendant's motion
for new trial. (6) The trial court denied the defendant's motion for new trial. (7) The court of
appeals concluded that the trial court should have granted the defendant's motion for new
trial on the basis of the third act of alleged jury misconduct, which was not included in the
motion. (8) The court of criminal appeals reversed, stating: 

 Because the proper function of the affidavits is to support the motion for new
trial, we hold that the alleged jury misconduct concerning the [third act] was
not properly presented by the motion for new trial, should not have been
entertained by the trial court at the hearing on the motion for new trial and
was not properly preserved for appeal. (9)


 Here, Morales filed a timely motion for new trial; however, the motion did not raise
the issue of ineffective assistance of counsel. Therefore, we must conclude, under the
reasoning in Trout, that the trial court should not have entertained the issue of ineffective
assistance of counsel at the motion for new trial hearing because it was not presented in
the timely motion for new trial. (10)

 Nonetheless, a trial court only abuses its discretion in denying a motion for new trial
when no reasonable view of the record could support the trial court's ruling. (11) When an
appellant challenges the voluntariness of his plea on the basis of ineffective assistance of
counsel, we review "(1) whether counsel's advice was within the range of competence
demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable
probability that, but for counsel's errors, he would not have pleaded guilty and would have
insisted on going to trial." (12) There is a prima facie showing that a guilty plea was entered
knowingly and voluntarily if the record establishes that the trial court properly admonished
the defendant about the consequences of his plea. (13) Once an accused attests that he
understands the nature of his plea and that it was voluntary, he has a heavy burden to
prove that his plea was involuntary. (14)

 Here the record supports the trial court's finding that Morales's plea was voluntary
and that trial counsel did not render ineffective assistance of counsel. On redirect
examination, trial counsel stated, "I did explain to him the full range of punishment and that
he could be facing the maximum in our plea. Whether or not he understood that, I felt like
he did prior to the hearing." Trial counsel consistently maintained that he believed that
Morales understood the range of punishment before he pleaded guilty, but only became
concerned after he observed Morales's reaction to the trial court's sentence. The record
shows that trial counsel informed Morales of all of his options, Morales chose to plead
guilty in an attempt to receive deferred adjudication, trial counsel explained the full range
of punishment, and the trial court admonished Morales before he entered his plea. 
Furthermore, on direct examination, when asked, "Did [trial counsel] explain to you the
range of punishment?" Morales replied, "Yes."

 In this case, the record establishes that the trial court properly admonished the
defendant about the consequences of his plea. (15) Therefore, there is a prima facie showing
that Morales's guilty plea was entered knowingly and voluntarily. (16) Moreover, there is
nothing in the record supporting a finding that counsel's advice was not within the range
of competence demanded of attorneys in criminal cases. (17) Based on our review of the
record, we conclude that Morales did not overcome the strong presumption that his trial
counsel provided adequate assistance and that his plea was voluntarily entered. Thus, the
trial court did not abuse its discretion in denying Morales's motion for new trial. We
overrule Morales's first issue.

IV. Involuntary Plea

 By his second and third issues, Morales contends that his plea was involuntary
because trial counsel was ineffective. (18) "Ineffective assistance of counsel claims are not
built on retrospective speculation; they must 'be firmly founded in the record.' That record
must itself affirmatively demonstrate the alleged ineffectiveness." (19) Here, there is nothing
in the record supporting Morales's contentions that trial counsel rendered ineffective
assistance. First, Morales asserts that trial counsel "admitted in his affidavit . . . that he
inadequately advised the defendant before the plea." We conclude this assertion is
without merit. Nowhere in the record does trial counsel admit that he "inadequately
advised" Morales. Next, Morales argues that trial counsel did not inform him that he was
only entitled to deferred adjudication community supervision if the trial court made "a
finding in open court that placing the defendant on community supervision [was] in the best
interest of the victim." There is nothing in the record supporting a conclusion that trial
counsel provided misinformation to Morales regarding deferred adjudication. Accordingly,
we overrule Morales's second and third issues.

V. Conclusion

 We affirm.

 

 LINDA REYNA YAÑEZ,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 31st day of August, 2009.

1. See Tex. Penal Code Ann. § 21.11 (Vernon 2003), § 22.011 (Vernon Supp. 2008).
2. Morales and his trial counsel testified at the motion for new trial hearing.
3. When an appellant enters an open plea of guilty, he waives the right to appeal any nonjurisdictional
defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment
of guilt was rendered independent of, and is not supported by, the alleged error. See Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).
4. Trout v. State, 702 S.W.2d 618, 619 (Tex. Crim. App. 1985) (en banc) (op. on rehearing).
5. Id.
6. Id.
7. Id.
8. Id.
9. Id. at 620.
10. See id.; see also State v. Moore, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007) (concluding that
"[s]hould the trial court refuse to limit its ruling to the original motion [for new trial] and grant relief on the basis
of the amendment over the State's objection, the appellate court should consider only the validity of the
original and any timely amended motion for new trial, and should reverse any ruling granting a new trial based
upon matters raised for the first time in an untimely amendment").
11. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). 
12. Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (en banc).
13. Pena v. State, 132 S.W.3d 663, 666 (Tex. App.-Corpus Christi 2004, no pet.) (citing Martinez v.
State, 981 S.W.2d 195, 197 (Tex. Crim App. 1998); Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim. App.
1985) (per curiam); Dorsey v. State, 55 S.W.3d 227, 235 (Tex. App.-Corpus Christi 2001, no pet.)).
14. Id.
15. In its written admonishments on range of punishment, the trial court informed Morales that he was
charged with offenses that were first and second degree felonies. Two sections were marked with an "x." 
The first section stated: (1) "First Degree Felony, § 12.32: One guilty of a FIRST degree felony shall be
punished by imprisonment for Life or for any term of not more than 99 years or less than 5 years, and in
addition to imprisonment, by a fine not to exceed $10,000."; and (2) "Second Degree Felony Punishment, §
12.33: One guilty of a SECOND degree felony shall be punished by imprisonment for any term of not more
than 20 years or less than 2 years, and in addition to imprisonment, by a fine not to exceed $10,000." Finally,
in a document entitled, "Defendant's Statement Understanding Admonishments," signed by Morales, he
initialed a paragraph stating, "I understand the admonishments given to me in writing by the Court, I know the
range of punishment applicable in this cause, and I am aware of the consequences of my entering a plea of
guilty or /nolo contendere." Finally, in the "Counsel's Certificate of Consultation and Consent to Waiver," trial
counsel certified that he "read and explained all of the Court's written admonishments to the Defendant and
the applicable range of punishment and the waiver of rights. . . .  The Defendant is fully aware of the
consequences of [his] plea, knows the range of punishment, and understands all of the admonishments."
16. See Pena, 132 S.W.3d at 666.
17. See Ex parte Morrow, 952 S.W.2d at 536.
18. We note that "[a] judgment of guilt is not rendered independent of, and is not supported by, a claim
of ineffective assistance when there is no evidence that the defendant would have pleaded not guilty had it
not been for his counsel's alleged ineffectiveness." See Cardena v. State, No. 13-06-293-CR, 2007 Tex. App.
LEXIS 5650, at *5 (Tex. App.-Corpus Christi July 19, 2007, pet. ref'd (memo op., not designated for
publication) (citing Martinez v. State, 109 S.W.3d 800, 803 (Tex. App.-Corpus Christi 2003, pet. ref'd)). On
appeal, Morales does not argue that he would have pleaded not guilty, had it not been for trial counsel's
alleged ineffectiveness. See Cardena, 2007 Tex. App. LEXIS 5650, at *5 (deciding, "out of an abundance of
caution," to review the appellant's claim of ineffective assistance of counsel because the claim was "arguably
related to appellant's voluntariness claim," even though the appellant did not claim that but for his counsel's
alleged ineffectiveness, he would not have pleaded guilty and would have gone to trial). Similarly, here,
because Morales's claim of ineffective assistance is arguably related to his voluntariness claim, we have
reviewed his claim out of an abundance of caution.
19. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).